IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES INGRAM,

    Plaintiff,

vs.                                         Case No. 2:06-cv-279
                                          JUDGE GRAHAM
                                          Magistrate Judge Abel

TERRY COLLINS, et al.,

    Defendants.

<u>ORDER</u>

    Plaintiff James Ingram, a prisoner at the Chillicothe Correctional Institution ("CCI") brought this action under 42 U.S.C. §1983 alleging that he was denied due process by defendants when they placed him in disciplinary segregation for fifteen days and when they subsequently placed him in local control. This matter is before the Court on plaintiff Ingram's objections to Magistrate Judge Abel's October 20, 2001, Report and Recommendation that defendants' May 9, 2006, motion to dismiss be granted.

    In his objections, Ingram states that he was a model prisoner for the 4½ years prior to a March 7, 2006, incident that led to his pleading guilty to a disciplinary charge and serving fifteen days in disciplinary segregation. He argues that he didn't deserve to be placed in local control for a period of up to 180 days solely based on the disciplinary conviction. However, plaintiff maintains, defendants have a practice of arbitrarily placing inmates in disciplinary control without regard to controlling ODRC regulations. Ingram concedes that he has not lost any good time credits. Nonetheless, he asserts that defendants' decision to place him in local control, which was made arbitrarily and in violation of prison regulations, imposed atypical and significant hardship on him in violation of due process of law.

Although the Court understands plaintiff's plight and recognizes that he views his treatment as unduly harsh, given his prior lack of a disciplinary conviction, prisoners generally do not have a liberty interest in remaining in the general population of a prison. *Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes,* 427 U.S. 236, 243, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Newell v. Brown,* 981 F.2d 880, 883 (6th Cir.1992). The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have consistently held that placement in local control does not constitute an "atypical, or significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472, 486 (1995). ; *Harbin-Bey v. Rutter,* 420 F.3d 571, 576-77 (6th Cir. 2005); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995). Consequently, a prisoner is not entitled to a due process hearing before placement in local control. *Harbin-Bey v. Rutter,* 420 F.3d at 577.

Accordingly, plaintiff Ingram's objections to Magistrate Judge Abel's October 20, 2006, Report and Recommendation are OVERRULED. Defendants' May 9, 2006, motion to dismiss (doc. 13) is GRANTED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants.

It is so ORDERED.

                                               s/James L. Graham  
                                               JAMES L. GRAHAM  
                                               United States District Judge

DATE: December 8, 2006